THE TOWNSHIP OF WYCKOFF IN THE COUNTY OF BERGEN, WALTER W. HARTWIG ET AL., PROSECUTORS, v. WILLARD I. HAMILTON ET AL., RESPONDENTS.

Submitted October 14, 1932—Decided March 3, 1933.

Before Justices BODINE and DONGES.

For the township of Wyckoff, *John B. Zabriskie.*

For the state water policy commission, *J. Raymond Tiffany* and *William A. Stevens.*

For the village of Ridgewood, *Thomas L. Zimmerman, Jr.*

PER CURIAM.

The writ was allowed to review the action of the members of the state water policy commission in granting the application of the village of Ridgewood for the diversion of one million gallons of water daily, for the purpose of obtaining an additional source of water for immediate needs and to take care of the future needs of the municipality and surrounding territory supplied by it.

The state·water policy commission was created under the provisions of chapter 267 *Pamph. L.* 1929, *p.* 631. Section 8 of the act, in part, provides as follows: "The decision of the commission and its action on any application may be reviewed by *certiorari* proceedings."

The question before us is whether the commission was justified in the action taken. *Collingswood* v. *Water Supply,* 84 *N. J. L.* 104; 86 *Atl. Rep.* 660; 85 *N. J. L.* 673; 90 *Atl. Rep.* 277. Our examination of the record leads to the conclusion that the action was well taken.

The prosecutors argue that the evidence does not disclose that the taking of the additional water is justified by public necessity. Although Ridgewood is seventy per cent. built up, it is still a growing community and its present wells are insufficient for its probable future needs. The testimony discloses that further operations within its boundaries would be of little, if any, advantage. A deeper well sunk in one of the existing areas produced no appreciable advantage. An adequate supply of pure water is of too much public importance to permit of a failure to anticipate reasonable future needs. The conclusions of officials charged with a duty to provide therefor cannot be set aside where the evidence sustains their findings. As we examine the record there was ample testimony adduced to support the findings. The mere suggestion that the future demands may be less does not alter the probability that they will be larger. The testimony of the witnesses called in support of the application is convincing. Experts never agree. The probabilities of the correctness of the conclusions of the engineers called by the applicant as to subsurface condition seems to us well authenticated.

At all events, we are concerned only that the evidence supports the conclusions of the commission. This it does.

There seems nothing in the record to indicate the probability that the wells contemplated will interfere with existing wells in Wyckoff township. The circumstance that assurances were made by engineers of the village of Ridgewood that any injuries would be compensated for does not furnish a basis for concluding that injuries would occur. Of course, the contemplated wells are to be very deep and will probably have little or no effect upon wells in higher strata.

We think, if it were a matter for us, that the weight of evidence sustains the action taken. Other reasons assigned by the prosecutor were not argued and are, therefore, abandoned.

The writ will be dismissed.